UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOP STAR, INC., an Iowa corporation,
f/k/a TELLIT, INC., d/b/a TOP STAR,

        Plaintiff,

v.

NRI, INC., a Michigan corporation,
a/k/a DECKER & CO.; MICHAEL BOUCHER,
an Individual; NRI BROTHERS LLC, a Michigan
Limited Liability Company; and M C, Inc., a
Michigan corporation, f/k/a DECKER & CO., INC.
and also d/b/a DECKER & CO.,

        Defendants.
_____/

Case No. 1:04-CV-361

HON. RICHARD ALAN ENSLEN

**OPINION**

Plaintiff Top Star, Inc. brought this design patent infringement suit against Defendants NRI, Inc., *et al*. ("NRI") alleging NRI infringed the United States Design Patent No. D459,368 S by importing, offering for sale and/or selling its VH-500-DK series front-end loader and all similarly styled loaders and tractors including the same. Plaintiff and Defendants now move for construction of the claimed designs of United States Design Patent No. D459,368 S ("the '368 patent").

**I.      Background**

The '368 patent entitled "front end loader" issued on June 25, 2002. The sole claim of the '368 patent is to "[t]he ornamental design for front end loader, as shown and described." Generally, the '368 patent drawing illustrates a boom-and-bucket loader which attaches to the front-end of a tractor. *See* attached Design Patent and Drawing.

## II.  Legal Standard

Determining whether a design patent has been infringed requires "(1) construction of the claim, and (2) comparison of the construed claim to the accused product." *Contessa Food Products v. Conagra, Inc.*, 282 F.3d 1370, 1376 (Fed. Cir. 2002) (citing *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed Cir. 1995)); *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1320 (Fed. Cir. 2003). When construing a design patent claim, the "scope of the claimed design encompasses its visual appearance as a whole, and in particular, the visual impression it creates." *Contessa*, 282 F.3d at 1376 (internal citations and quotations omitted). The second step, comparison to the accused product, "includes two distinct tests, both of which must be satisfied in order to find infringement: (a) the 'ordinary observer' test, and (b) the 'point of novelty' test." *Id.* at 1377 (internal citations omitted). At this time, the Court will only construct the claimed design patent and reserve comparison of the construed claim to the accused product.

## III.  Claim Construction

### A.  Plaintiff's Proposed Construction

Plaintiff submits that the '368 patent should be construed as follows:

The '368 Patent claim is directed to an ornamental design for a front-end loader having a bull horn-shaped knee and subframe that give the loader an appearance resembling a bovine bull.

In particular, one focal point of the design that contributes to the overall visual impression of that design is the bull horn-shaped knee. The knee includes a forward part that is connected to a front arm cylinder and a rearward part connected to a loader arm cylinder. The knee includes an upper border and a lower border, both spanning between the forward part and the rearward part. The front and rear parts are generally arcuate. The lower border is generally arch-shaped between the forward part and the rearward part. The upper border is somewhat arch-shaped near the forward part, but also changes in curvature and shape as it nears the rearward part.

In general, the distance between the upper border and the lower border increases somewhat as it transitions toward the rearward part.

Extending generally downward and somewhat forward of the knee is a front arm that tapers from a larger dimension to a smaller dimension when transitioning from the knee to a bucket. A cylinder connects the forward part of the knee and the bucket.

Extending generally rearward and somewhat upward of the knee is a loader arm that tapers from a larger dimension to a smaller dimension when transitioning from the knee to a tower. A cylinder connects the rearward part of the knee and the tower.

The tower is of a generally vertical construction having an upper tower end and a lower tower end. The upper tower end includes an arcuate front portion and a generally flat rear portion. The tower tapers from a smaller dimension to a larger dimension from the upper tower end toward the lower tower end. About two-thirds of the way down, the tower transitions to a reducing taper.

The sub-frame of the claimed front-end loader design includes a forward portion that extends generally upward and rearward toward the tower. The sub-frame transitions from the forward portion of the sub-frame to an arch that extends toward the tower. As the arch nears the tower, it transitions to a somewhat horizontal portion. The somewhat horizontal portion branches generally upward and downward to increase the vertical dimension of the sub-frame nearing the tower. The upper and lower portions of the branching portions generally are concave and convex, respectively.

The tractor is shown in broken lines for purposes of illustration only, and forms no part of the claimed front-end loader design.

### B. Defendants' Proposed Construction

Defendants submit that the '368 patent should be construed as follows:

An ornamental design for front-end loader having a pie-wedge shaped bucket with a peanut shaped articulating knee.

### C. Findings

In construing the '368 patent's claim, the Court considers the patent's ornamental features and visual picture as a whole to translate the patent's visual descriptions into words that evoke the

visual image.  *Contessa*, 282 F.3d at 1376; *OddzOn Prods., Inc. v. JustToys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997); *Durling v. Spectrum Furniture Co., Inc.*, 101 F.3d 100, 103 & n.2 (Fed. Cir. 1996).  The following construction is based on the front elevation view as presented by the illustration in the claim and attached drawing.  (*See* attached Design Patent and accompanying drawing.)

There are functional features of the front loader, which do not make up the design patent, but which are important to understanding the design features.  The functional features are described as follows:  The front-end loader contains a front-arm cylinder and a loader-arm cylinder.  The two arms are connected by a knee.  The front-arm extends vertically downward from the knee.  A bucket is attached at the bottom end of the front arm.

The loader-arm cylinder extends horizontally from the knee at an upward slant and the back end of the loader-arm is attached to the tower.  The tower extends vertically downward and the base of the tower attaches to the tractor, halfway between the front and rear tires of the tractor.

The front-end loader also includes a sub-frame which attaches to the front of the tractor and, from that point, arches upward and back toward the tower.

The design features which compose the design patent are as follows:

(1)  The knee has a generally arcuate shape resembling that of a kidney bean;

(2)  The forward edge of the bucket has a generally arcuate shape with the concave side facing towards the bucket's attachment to the front-arm cylinder; and

(3)  As the subframe nears the tower, the subframe splits into two branches.  The upper side of the upper branch is convex and the upper side of the lower branch is concave.

    An Order consistent with this Opinion shall issue.

DATED in Kalamazoo, MI:                /s/ Richard Alan Enslen
                              RICHARD ALAN ENSLEN
    July 19, 2005                      UNITED STATES DISTRICT JUDGE